# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **REPUBLIC FIRE AND CASUALTY COMPANY** | **CIVIL ACTION** |
| | **NUMBER 10-580-JJB-DLD** |
| **VERSUS** | |
| **ZURN INDUSTRIES, INC.** | |

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on defendant's motion to remand (rec. doc. 6), which has been referred to the undersigned counsel for a report and recommendation. Plaintiff consents to the motion to remand. Id.

### Discussion

On July 21, 2010, plaintiff Republic Fire and Casualty Company (Republic) filed suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against Zurn Industries, Inc. (Zurn) for damages to the residence of its insured Clifford Williams[1] caused by a malfunctioning Jacuzzi valve that was designed, manufactured, and assembled by Zurn. Plaintiff alleges that the Jacuzzi valve "cracked and allowed water to leak onto the floor of the residence" (rec. doc. 1-2). Plaintiff alleges that pursuant to the terms of the insurance policy issued to Williams, it paid $19,219.88 to Williams for the damages caused by the water leak (rec. doc. 7-1). As a result of this payment, plaintiff was subrogated to the rights and interests of its insured. Id. Additionally, plaintiff was assigned

---

[1] At the time the damage was sustained, plaintiff had in effect a policy of homeowners insurance covering the dwelling and contents of Williams' residence, which provided coverage for the damages sustained as a result of the water damage.

the right to recover Williams' deductible in the amount of $1,000. Id.  Plaintiff, therefore, seeks damages against defendant in the amount of $20,2219.88, plus interest. Id.

Although plaintiff's petition clearly identifies the amount of its claim for damages, defendant received only a portion of plaintiff's petition for damages, which did not include the specific amount of damages sought by plaintiff.  The portion of the petition received by defendant contained only a reference to water damage as a result of a malfunctioning Jacuzzi valve and sought damages.  As a result, defendant removed this matter based on diversity jurisdiction, 28 U.S.C. §1332, alleging that the parties are diverse[2] and that "based on plaintiff's description of damages, the potential judgment value against Assurance Company of America[3], exclusive of interest and costs, is in excess of $75,000" (rec. doc. 1).

Shortly after defendant filed its notice of removal, it filed a motion to remand for lack of subject matter jurisdiction (rec. doc. 6).  Defendant states that the notice of removal was filed to preserve its rights and that after filing the notice of removal, it received a complete copy of plaintiff's petition which clearly indicates that "plaintiff's alleged damages does [sic] not meet the jurisdictional requirement." Id.  Plaintiff consents to the motion to remand for lack of subject matter jurisdiction. Id.

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem.*

---

[2] Defendant alleges that plaintiff is a "foreign insurance company, domiciled in Dallas, Texas, and doing business in Louisiana," and defendant is a corporation domiciled in Erie, Pennsylvania, and chartered under the laws of Pennsylvania with its principal place of business in the state of Pennsylvania" (rec. doc. 1).

[3] Assurance Company of America is not a party to this action; therefore, the court presumes that the inclusion of this entity in the notice of removal was a topographical error.

*Co.*, 491 F.3d 278 (5th Cir. 2007).   Remand is proper if at any time the court lacks subject matter jurisdiction. <u>See</u> 28 U.S.C. §1447(c).   The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing   *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The issue in this case is whether the amount in controversy is satisfied.  The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).  The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; <u>see</u> <u>also</u> *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted).

The version of petition originally received by defendant and attached to the notice of removal indicates that plaintiff seeks damages as a result of water damage to the floor of the residence caused by a malfunctioning Jacuzzi valve (rec. doc. 1-2).  The damages are vague and unspecified.   Thus, the amount in controversy is not facially apparent from the version of the petition received by defendant and attached to the notice of removal, and the notice of removal does not set forth facts that support a finding that the amount in controversy is satisfied.   Additionally, the complete version of plaintiff's petition clearly sets forth plaintiff's

claim for damages and indicates that it seeks $20,219.99, plus interest, which does not satisfy the amount in controversy requirement.  Moreover, both parties agree that plaintiff's damages do not satisfy the amount in controversy requirement.  In light of the specific amount of damages sought by plaintiff in the complete copy of the petition and the agreement between the parties that the amount in controversy is not satisfied, it is clear that plaintiff's claim does not satisfy the amount in controversy requirement, and that the motion to remand should be granted. Accordingly,

IT IS ORDERED that defendant's motion to remand for lack of subject matter jurisdiction (rec. doc. 6) should be GRANTED and this matter remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on September 23, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**REPUBLIC FIRE AND CASUALTY**    **CIVIL ACTION**
**COMPANY**

                                **NUMBER 10-580-JJB-DLD**

**VERSUS**

**ZURN INDUSTRIES, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 23, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**